■ AL ARANOFF, Respondent, v. INTERNATIONAL FIDELITY INSURANCE Co., Appellant.— Order, Supreme Court, New York County, entered November 14, 1973, granting plaintiff's motion for summary judgment in the sum of $23,452.50, and judgment entered thereon on November 21, 1974, unanimously reversed, on the law, with $60 costs and disbursements of this appeal to abide the event, the judgment vacated, and the motion denied. Plaintiff seeks recovery of the value of certain securities delivered to his employer, Feinstein Construction Corp., for deposit with defendant surety as collateral for a performance and payment bond issued by defendant in connection with the construction, by Feinstein, of a certain restaurant. Defendant had also issued a similar bond in connection with another Feinstein contract. Although Feinstein's transmittal letter to defendant stated that plaintiff's securities were collateral for the restaurant contract and were to be returned to plaintiff when the bond was released, defendant's collateral receipt provided for return of collateral only upon the termination of defendant's liability on all bonds issued for Feinstein. Additionally, defendant contends that the condition precedent to return of the subject securities has not occurred since the aggregate amount of payments already made and claims still outstanding on the restaurant contract exceeds the value of the collateral deposited. Under the circumstances disclosed, we find sufficient triable issues raised to defeat a motion for summary judgment. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Capozzoli, JJ.

■ HARTFORD FIRE INSURANCE Co., Appellant, v. ANDRE WEISS, Doing Business as ANDRE'S FINE FURS, et al., Defendants, and MAXINE CASADA et al., Respondents. (And three Other Actions.) — Order, Supreme Court, New York County, entered January 18, 1974, inter alia, vacating its prior order and denying plaintiff's motion for an order of interpleader and consolidation of certain Civil Court actions, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements, and the prior order of the Supreme Court, New York County, entered July 31, 1973, reinstated. It is apparent that the $12,000 fire insurance policy maintained by defendant Weiss with plaintiff will not be sufficient to cover ne claims of all of Weiss' customers resulting from the fire which destroyed his place of business. In order to protect all parties, plaintiff moved for appropriate relief under CPLR 1006. Special Term originally granted such relief, stayed and consolidated all pending or contemplated proceedings, permitted plaintiff to be discharged from all liability upon deposit of the aforesaid sum of $12,000 and appointed a Special Referee to hear, report and recommend with respect to the amount of priority of all claims. By the order appealed from, the court below, on its own motion, vacated its prior order and restored the status quo ante. We believe this was error. The circumstances of this case call for equitable intervention to avoid the granting of improper preferences and a multiplicity of actions. Concur — Murphy, Lupiano, Steuer and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES O'CONNOR v. PETER SCHAEFFER.— Application for the issuance of a writ of habeas corpus denied and the petition dismissed as moot. Concur — Lupiano, J. P., Steuer, Tilzer, Capozzoli and Lane, JJ.